# COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

*A True Copy Attest: Edward X Moynihan Constable / Worcester*

John Doe

Plaintiff (s)

v.

City of Worcester et al.

Defendant (s)

Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action

No. 09-1633 E

**SUMMONS**

*2009 OCT 14 P 12:56   RECEIVED WORCESTER CITY CLERK*

\* To the above-named Defendant:

You are hereby summoned and required to serve upon ...Hector E. Pineiro.............................................. plaintiff's attorney, whose address is ...807 Main St., Worcester, MA 01610................................ an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the SUPERIOR COURT Department of the Trial Court at WORCESTER either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counter-claim any claim which you may have against the plaintiff which arises out of the transaction of occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Worcester, the......10th........ day of ...July................................ in the year of our Lord two thousand and ...2009..... .

*[signature]* Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to that particular defendant.

PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT — MOTOR VEHICLE TORT — CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

\*   NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior Court, Room 1008.

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| John Doe | Fox Broadcasting Co. et al. |

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE**
Robert H. Scott  807 Main St. Worcester, MA

Board of Bar Overseers number:

**ATTORNEY (if known)**

## Origin code and track designation

Place an x in one box only:
- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| E9? | Other - Civil Rights | (X) | (X) Yes   ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ................................................. $..........
2. Total Doctor expenses ................................................... $..........
3. Total chiropractic expenses ............................................. $..........
4. Total physical therapy expenses ........................................ $..........
5. Total other expenses (describe) ........................................ $..........
   Subtotal $..........
B. Documented lost wages and compensation to date .......................... $..........
C. Documented property damages to date .................................... $..........
D. Reasonably anticipated future medical and hospital expenses ............ $..........
E. Reasonably anticipated lost wages ...................................... $..........
F. Other documented items of damages (describe)
   $..........
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   Home invasion; filmed while naked
   emotional harms
   
   TOTAL $10,000,000.00

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $10,000,000.00

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____   DATE: 7/17/09

A.O.T.C.-6 mtc005-11/99
A.O.S.C. 1-2000

7-17-09

COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| WORCESTER, ss | WORCESTER SUPERIOR COURT<br>CIVIL ACTION NO. 09-1633 E |

JOHN DOE,
    Plaintiff

v.

FOX BROADCASTING COMPANY,
LANGLEY PRODUCTIONS, INC.
CITY OF WORCESTER,
SERGEANT THOMAS NEEDHAM,
CAMERAMAN DOE 1, CAMERAMAN
DOE 2, OFFICER DOE 1, OFFICER
DOE 2, OFFICER DOE 3,
    Defendants

RECEIVED
JUL 17 2009
CLERK OF COURTS
WORCESTER COUNTY

## COMPLAINT AND REQUEST FOR JURY TRIAL

INTRODUCTION\

1. This is an action for money damages and other relief arising from the unjustified warrantless invasion of plaintiff's home on the night of July 19, 2006, by officers of the Worcester Police Department and cameramen of the television show "Cops," during which the officers awakened the plaintiff and menaced him with guns as he lay naked and uncovered on his bed, and the cameramen trained bright lights and video cameras on the scene and, on information and belief, recorded it.

PARTIES

2. John Doe, the plaintiff, is a resident of the City of Worcester, Worcester County, Massachusetts, and at all times pertinent hereto he resided in an apartment at 92 Houghton Street, Worcester.

3. Defendant Fox Broadcasting Company ("Fox") is a Delaware Corporation having its usual places of business at Fox Broadcasting Company, Tax Department, Beverly Hills, California, and an agent for service in California of Gary D. Roberts, Esq., 10201 West Pico Boulevard, Los Angeles California, and an agent for service in Delaware of the United States Corporation Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware.

4. Defendant Langley Productions, Inc., ("Langley") is a California corporation having its usual place of business at 1111 Broadway, Santa Monica, California, and an agent for service of Michael D. Schwartz, 23031 Ventura Boulevard, Suite 1110, Woodland Hills, California.



5. The defendant City of Worcester is a Massachusetts municipal corporation having its usual place of business at City Hall 455 Main Street, Worcester, Massachusetts.

6. Defendant Thomas Needham ('"Sgt. Needham") was at all times pertinent hereto a sergeant of the Police Department of the City of Worcester and is sued in tort and civil rights in his individual and official capacities.

7. Defendants Cameraman Doe 1 and Cameraman Doe 2 (collectively "the cameramen") were at all times pertinent hereto agents, servants and employees of Fox and/or Langley and are sued in their individual and official capacities both as agents of Fox and/or Langley and as state actors.

8. Defendants Officer Doe 1, Officer Doe 2 and Officer Doe 3 (collectively "the other officers") were at all times pertinent hereto officers of the Worcester Police Department and are sued in their individual and official capacities.

## FACTS

9. On July 19, 2006, plaintiff was the lawful occupant and sole tenant of an apartment at his aforesaid address.

10. At approximately 10 p.m. as plaintiff retired for the night, he turned on an air conditioner in his bedroom and, the temperature being uncomfortably hot, he disrobed and fell asleep lying completely naked on his back.

11. At approximately 10:30 p.m., Sgt. Needham, without warrant and for no lawful reason or purpose, entered plaintiff's apartment through an open window.

12. Sgt. Needham moved from his point of entry to the front door of plaintiff's apartment, as he did so passing the plaintiff's open bedroom door at which time on information and belief he observed the plaintiff sleeping as aforesaid.

13. Sgt. Needham, without without warrant and for no lawful reason or purpose, opened the front door and admitted the cameramen and the other officers to plaintiff's apartment.

14. The cameramen and the other officers entered plaintiff's apartment at the time and place aforesaid without warrant and for no lawful reason or purpose.

15. Needham, the other officers, and the cameramen then entered the bedroom where plaintiff was sleeping.

16. At the aforesaid time and place Needham and the other officers drew their handguns, pointed them at the plaintiff and in loud voices ordered the sleeping plaintiff to "freeze."

17. At the aforesaid time and place, as the officers leveled their weapons at the plaintiff, the

cameramen each activated bright lights and pointed video cameras at the plaintiff.

18. The plaintiff awakened in terror, partially blinded by the lights but able to see the muzzles of four guns pointing at him.

19. Plaintiff instinctively began to move his hands towards lower torso to cover his torso but stopped as police officers threatened to shoot him and ordered him to freeze.

20. As police officers demanded the plaintiff identify himself and otherwise interrogated him the plaintiff's eyes began to adjust to the lights and he realized that video cameras as well as guns were pointed at him and by all appearances were recording the image of him lying naked and terrified in his bed.

21. After a period of interrogation Sgt Needham, the other officers and the cameramen then left plaintiff's bedroom and exited his apartment.

22. Since this incident plaintiff has, by his counsel, attempted to learn from Fox and/or its agents the location or status of any video made of the plaintiff, but these efforts have brought no response.

## COUNT I
### All individual defendants – 42 U.S. ss. 1983

23. All individual defendants in this action acted under color of law and/or under the circumstances their conduct amounted to state action.

24. The defendants, by their conduct, violated the plaintiff's right to privacy and the right to be free of unreasonable search and seizure under the Fourth Amendment to the U. S. Constitution.

## COUNT II
### All defendants – intentional infliction of emotional distress

25. All defendants, by reason of their own conduct, conduct they enabled and sought, and/or conduct of themselves or their agents, servants or employees, intentionally caused the plaintiff great emotional distress.

WHEREFORE, plaintiff demands compensatory relief and all other remedies that the Court may deem just.

                                                             Respectfully submitted,
Plaintiff,
By his attorneys,

*/s/ Hector E. Pineiro*

Héctor E. Piñeiro BBO # 555315
Robert A. Scott BBO # 648740
807 Main Street
Worcester, MA 01610
Tel. (508) 770-0600

DATED: July 17, 2009

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss

WORCESTER SUPERIOR COURT
CIVIL ACTION NO.: 09-1633 E

JOHN DOE,
    Plaintiff

v.

FOX BROADCASTING COMPANY,
LANGLEY PRODUCTIONS, INC.
CITY OF WORCESTER,
SERGEANT THOMAS NEEDHAM,
CAMERAMAN DOE 1, CAMERAMAN
DOE 2, OFFICER DOE 1, OFFICER
DOE 2, OFFICER DOE 3,
    Defendants

FILED
JUL 17 2009
ATTEST: _____ CLERK

### MOTION FOR APPOINTMENT OF SPECIAL SERVICE PROCESS SERVER AND PROPOSED ORDER OF APPOINTMENT

In accordance with the provisions of Rule 4C of the M.R.Civ. P. the undersigned hereby moves this Honorable Court for the appointment of Constable from the Office of George & Associates as process server in the above entitled action in order to assure a substantial savings in time. The undersigned affirms under the pains and penalties of perjury that to the best of his knowledge and belief the person to be appointed process server is a Constable who is experienced in the service of process, and is not a party to this action.

Respectfully submitted,
Plaintiff
By his attorneys,

Hector E. Pineiro, Esquire, BBO # 555315
Robert A. Scott, Esquire, BBO # 648740
807 Main Street
Worcester, MA 01610
Tel. (508) 770-0600

DATED: April 6, 2006