p170

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss

WORCESTER SUPERIOR COURT
CIVIL ACTION NO. 09-01633 E

JOHN DOE,
    Plaintiff

v.

FOX BROADCASTING COMPANY,
LANGLEY PRODUCTIONS, INC.
CITY OF WORCESTER,
SERGEANT THOMAS NEEDHAM,
CAMERAMAN DOE 1, CAMERAMAN
DOE 2, OFFICER DOE 1, OFFICER
DOE 2, OFFICER DOE 3,
    Defendants

)
)
)
)
)
)
)
)
)
)
)
)
)
)



FILED
OCT 2 0 2009
ATTEST:
CLERK



## FIRST AMENDED COMPLAINT AND REQUEST FOR JURY TRIAL

### INTRODUCTION

1.    This is an action for money damages and other relief arising from the unjustified warrantless invasion of plaintiff's home on the night of July 19, 2006, by officers of the Worcester Police Department and cameramen of the television show "Cops," during which the officers awakened the plaintiff and menaced him with guns as he lay naked and uncovered on his bed, and the cameramen trained bright lights and video cameras on the scene and, on information and belief, recorded it.

### PARTIES

2.    John Doe, the plaintiff, is a resident of the City of Worcester, Worcester County, Massachusetts, and at all times pertinent hereto he resided in an apartment at 92 Houghton Street, Worcester.

3.    Defendant Fox Broadcasting Company ("Fox") is a Delaware Corporation having its usual places of business at Fox Broadcasting Company, Tax Department, Beverly Hills, California, and an agent for service in California of Gary D. Roberts, Esq., 10201 West Pico Boulevard, Los Angeles California, and an agent for service in Delaware of the United States Corporation Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware.

1

4.    Defendant Langley Productions, Inc., ("Langley") is a California corporation having its usual place of business at 1111 Broadway, Santa Monica, California, and an agent for service of Michael D. Schwartz, 21031 Ventura Boulevard, Suite 1110, Woodland Hills, California.

5.    The defendant City of Worcester is a Massachusetts municipal corporation having its usual place of business at City Hall 455 Main Street, Worcester, Massachusetts.

6.    Defendant Thomas Needham ('"Sgt. Needham") was at all times pertinent hereto a sergeant of the Police Department of the City of Worcester and is sued in tort and civil rights in his individual and official capacities.

7.    Defendants Cameraman Doe 1 and Cameraman Doe 2 (collectively "the cameramen") were at all times pertinent hereto agents, servants and employees of Fox and/or Langley and are sued in their individual and official capacities both as agents of Fox and/or Langley and as state actors.

8.    Defendants Officer Doe 1, Officer Doe 2 and Officer Doe 3 (collectively "the other officers") were at all times pertinent hereto officers of the Worcester Police Department and are sued in their individual and official capacities.

FACTS

9.    On July 19, 2006, plaintiff was the lawful occupant and sole tenant of an apartment at his aforesaid address.

10.    At approximately 10 p.m. as plaintiff retired for the night, he turned on an air conditioner in his bedroom and, the temperature being uncomfortably hot, he disrobed and fell asleep lying completely naked on his back.

11.    At approximately 10:30 p.m., Sgt. Needham, without warrant and for no lawful reason or purpose, entered plaintiff's apartment through an open window.

12.    Sgt. Needham moved from his point of entry to the front door of plaintiff's apartment, as he did so passing the plaintiff's open bedroom door at which time on information and belief he observed the plaintiff sleeping as aforesaid.

13.    Sgt. Needham, without warrant and for no lawful reason or purpose, opened the front door and admitted the cameramen and the other officers to plaintiff's apartment.

14.    The cameramen and the other officers entered plaintiff's apartment at the time and place aforesaid without warrant and for no lawful reason or purpose.

15.    Needham, the other officers, and the cameramen then entered the bedroom where plaintiff was sleeping.

2

16.   At the aforesaid time and place Needham and the other officers drew their handguns, pointed them at the plaintiff and in loud voices ordered the sleeping plaintiff to "freeze."

17.   At the aforesaid time and place, as the officers leveled their weapons at the plaintiff, the cameramen each activated bright lights and pointed video cameras at the plaintiff.

18.   The plaintiff awakened in terror, partially blinded by the lights but able to see the muzzles of four guns pointing at him.

19.   Plaintiff instinctively began to move his hands towards lower torso to cover his torso but stopped as police officers threatened to shoot him and ordered him to freeze.

20.   As police officers demanded the plaintiff identify himself and otherwise interrogated him the plaintiff's eyes began to adjust to the lights and he realized that video cameras as well as guns were pointed at him and by all appearances were recording the image of him lying naked and terrified in his bed.

21.   After a period of interrogation Sgt Needham, the other officers and the cameramen then left plaintiff's bedroom and exited his apartment.

22.   Since this incident plaintiff has, by his counsel, attempted to learn from Fox and/or its agents the location or status of any video made of the plaintiff, but these efforts have brought no response.

23.   As a direct and proximate result of defendants' conduct as state herein, the plaintiff was placed in real danger of great physical harm, assaulted, menaced, terrorized, grossly humiliated and subjected to continuing fear of further extreme humiliation, deprived of the expectation of security and privacy in his home, and traumatized during the events and subsequently to date due to his memory of the events and his knowledge or reasonable belief that the said events were recorded on video.

24.   Each of the aforesaid harms to the plaintiff was, or in the exercise of reasonable care should have been, foreseeable to the persons who engage in the conduct complained of.

COUNT I
All defendants – 42 U.S. ss. 1983

25.   Each of the preceding paragraphs is incorporated in this count as if fully set forth herein.

26.   Each individual defendant, and one or more agents of each corporate defendant, acted under color of law and/or under the circumstances their conduct amounted to state action.

27.   The defendants, by their conduct or that of their agents, violated the plaintiff's rights to privacy, freedom from unreasonable search and seizure, and due process under the Fourth, Fifth and Fourteenth Amendment to the U. S. Constitution, and the police officers violated his right under the said Amendments to freedom from use of excessive force.

3

28. The said violations of plaintiff's rights proximately caused his past and continuing harms.

## COUNT II
### All defendants – intentional infliction of emotional distress

29. Each of the preceding paragraphs is incorporated in this count as if fully set forth herein.

30. All defendants, by reason of their own outrageous and unconscionable conduct, and/or such conduct they enabled and sought, and/or such conduct of themselves or their agents, servants or employees, did knowingly and intentionally caused the plaintiff extreme emotional distress and the harms enumerated herein.

## COUNT III
### All defendants – negligent infliction of emotional distress

31. Each of the preceding paragraphs is incorporated in this count as if fully set forth herein.

32. As a result of defendants' conduct as set forth above, the plaintiff had a legitimate fear of imminent and extreme violence and severe bodily injury and death, and as a direct and proximate result he sustained the harms enumerated herein.

## COUNT IV
### All defendants – invasion of privacy

33. Each of the preceding paragraphs is incorporated in this count as if fully set forth herein.

34. The defendants, by their conduct or that of their agents, violated the plaintiff's right to privacy under the common law, Constitution and/or statutes of the Commonwealth of Massachusetts.

35. The said violations of plaintiff's rights proximately caused his past and continuing harms.

## COUNT V
### All defendants – trespass

36. Each of the preceding paragraphs is incorporated in this count as if fully set forth herein.

37. At all times pertinent hereto plaintiff had the right of sole possession of the premises he occupied at 92 Houghton Street, Worcester, and he was in fact in sole possession of the premises as his dwelling.

38. The aforesaid entry by police and cameramen onto the premises of his residence and their presence and conduct therein all occurred without prior notice, knowledge, consent, or permission to or by the plaintiff in any way, shape or form - direct or indirect, tacit or explicit.

4

39.    The said violations of plaintiff's rights proximately caused his past and continuing harms.

COUNT VI
All police officers – assault

40.    Each of the preceding paragraphs is incorporated in this count as if fully set forth herein.

41.    The conduct of each of the police officer defendants placed the plaintiff in reasonable
fear of the imminent use of deadly force against him without any reason or justification
whatsoever.

42.    As a direct and proximate result of these unprovoked assaults with deadly weapons, the
plaintiff suffered the harms as alleged herein.

WHEREFORE, plaintiff requests judgment against the defendants jointly and severally
for the following damages and other relief, and for all other relief the Court may find is in the
interests of justice:

- Compensatory damages;
- Punitive damages;
- Attorney fees;
- Such injunctive relief as the Court may deem appropriate to secure any video
  recordings of the aforementioned events in the possession of the plaintiff, to preclude
  possession by any other party (except as required for purposes of this action and
  subject to protective order), and further to preclude any copying or distribution of said
  video recordings.

PLAINTIFF RESPECTFULLY REQUESTS JURY TRIAL AS TO ALL ISSUES

Respectfully submitted,
Plaintiff
By his attorneys,

Héctor E. Pineiro BBO # 555315
Robert A. Scott BBO # 648740
807 Main Street
Worcester, MA 01610
Tel. (508) 770-0600

DATED: October 19, 2009

5

*10/2*

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss

WORCESTER SUPERIOR COURT
CIVIL ACTION NO. 09-01633 E

JOHN DOE,                                    )
     Plaintiff                              )
                               )
v.                                           )
                               )
FOX BROADCASTING COMPANY,                    )
LANGLEY PRODUCTIONS, INC.                    )
CITY OF WORCESTER,                           )
SERGEANT THOMAS NEEDHAM,                     )
CAMERAMAN DOE 1, CAMERAMAN                    )
DOE 2, OFFICER DOE 1, OFFICER                 )
DOE 2, OFFICER DOE 3,                        )
     Defendants                             )

## NOTICE OF FILING FIRST AMENDED COMPLAINT
### [MRCP 15(a)]

Pursuant to Mass. R. Civ. P. 15(a), the plaintiff hereby submits for filing his First

Amended Complaint.  The undersigned counsel here by certifies that as of this date no

responsive pleading has been received nor, to the best of his knowledge and belief, has any been

served, and no order of dismissal has been entered, and therefore filing of the First Amended

Complaint is allowable as a matter of course.

                                             Respectfully submitted,
                                             Plaintiff
                                             By his attorneys,

                                             Héctor E. Pineiro BBO # 555315
                                             Robert A. Scott BBO #  648740
                                             807 Main Street
                                             Worcester, MA 01610
                                             Tel. (508) 770-0600

DATED: October 19, 2009

1