UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN DOE,<br><br>      Plaintiff,<br><br>v.<br><br>FOX BROADCASTING COMPANY, LANGLEY PRODUCTIONS, INC., CITY OF WORCESTER, SERGEANT THOMAS NEEDHAM, CAMERAMAN DOE 1, CAMERAMAN DOE 2, OFFICER DOE 1, OFFICER DOE 2, OFFICER DOE 3,<br><br>      Defendants. | CIVIL ACTION NO.<br>4:09-CV-40191 |

## ANSWER OF DEFENDANT FOX BROADCASTING COMPANY TO PLAINTIFF JOHN DOE'S COMPLAINT

Defendant Fox Broadcasting Company, for its answer to the Complaint of plaintiff John Doe, respectfully states as follows:

### INTRODUCTION

1. With respect to paragraph 1 of plaintiff's Complaint, defendant states that such paragraph contains plaintiff's characterizations of this action which speak for themselves and do not require a response from defendant. To the extent that a response to paragraph 1 of plaintiff's Complaint is required, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of plaintiff's Complaint.

### PARTIES

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of plaintiff's Complaint, although defendant denies that "John Doe" is a proper plaintiff in this action.

3. Defendant admits that Fox Broadcasting Company is a Delaware corporation. Further answering, defendant states that Fox Broadcasting Company's corporate office is at 10201 West Pico Boulevard, Los Angeles, California. Defendant admits that Fox Broadcasting Company's agent for service in California is Gary D. Roberts, Esq., 10201 West Pico Boulevard, Los Angeles, California. Defendant denies that its agent for service in Delaware is United States Corporation Company, but admits that the address of its agent for service in Delaware is 2711 Centerville Road, Suite 400, Wilmington, Delaware. Further answering, defendant states that the name of its agent for service in Delaware is Corporation Service Company. Defendant denies any remaining allegations contained in paragraph 3 of plaintiff's Complaint.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of plaintiff's Complaint.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of plaintiff's Complaint.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of plaintiff's Complaint.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of plaintiff's Complaint, except defendant denies that "the cameramen", as defined in plaintiff's Complaint, are proper parties to this action, that "the cameramen" were agents, servants and employees of defendant, or that "the cameramen" are state actors.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of plaintiff's Complaint, except defendant denies that "the other officers", as defined in plaintiff's Complaint, are proper parties to this action.

## FACTS

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of plaintiff's Complaint.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of plaintiff's Complaint.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of plaintiff's Complaint.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of plaintiff's Complaint.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of plaintiff's Complaint.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of plaintiff's Complaint.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of plaintiff's Complaint.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of plaintiff's Complaint.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of plaintiff's Complaint.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of plaintiff's Complaint.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of plaintiff's Complaint.

GSDOCS\1945962.2

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of plaintiff's Complaint.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of plaintiff's Complaint.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of plaintiff's Complaint.

## COUNT I

All individual defendants – 42 U.S. ss. 1983

23. Defendant denies the allegations contained in paragraph 23 of plaintiff's Complaint.

24. Defendant denies the allegations contained in paragraph 24 of plaintiff's Complaint.

## COUNT II

All defendants – intentional infliction of emotional distress

25. Defendant denies the allegations contained in paragraph 25 of plaintiff's Complaint.

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred by the statute of limitations.

## THIRD DEFENSE

John Doe is not a proper party to this action and, therefore, this action is a nullity. In addition, plaintiff did not comply with the proper impoundment procedure.

## FOURTH DEFENSE

Plaintiff has failed to name the real party in interest as plaintiff.

## FIFTH DEFENSE

Defendant is not a state actor for the purposes of 42 U.S.C. §1983.

## SIXTH DEFENSE

Defendant did not violate any constitutional right held by plaintiff.

## SEVENTH DEFENSE

Defendant lacked knowledge or intent to inflict emotional distress.

## EIGHTH DEFENSE

Defendant did not engage in conduct that was extreme or outrageous.

WHEREFORE, defendant Fox Broadcasting Company respectfully requests that plaintiff's Complaint be dismissed with prejudice, with costs assessed against the plaintiff, and that the Court grant such other and further relief as it may deem just and proper.

Respectfully submitted,

FOX BROADCASTING COMPANY,

By its attorneys,

/s/Rachel E. Brodin_____
Leonard H. Freiman (BBO #560233)
Rachel E. Brodin (BBO #666227)
GOULSTON & STORRS, P.C.
400 Atlantic Avenue
Boston, Massachusetts 02110-3333
Telephone: (617) 482-1776
Facsimile: (617) 574-4112
lfreiman@goulstonstorrs.com
rbrodin@goulstonstorrs.com

Dated: November 3, 2009

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

                                              /s/Rachel E. Brodin_____

Dated: November 3, 2009                        Rachel E. Brodin

GSDOCS\1945962.2