UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 09-40191-FDS |
| FOX BROADCASTING CO., ) | |
| LANGLEY PRODUCTIONS, INC., ) | |
| CITY OF WORCESTER, ) | |
| SERGEANT THOMAS NEEDHAM, ) | |
| CAMERAMAN DOE 1, CAMERAMAN ) | |
| DOE 2, OFFICER DOE 1, OFFICER ) | |
| DOE 2, and OFFICER DOE 3, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM AND ORDER
ON LANGLEY PRODUCTIONS' MOTIONS TO DISMISS

**SAYLOR, J.**

This is a civil rights action arising under 42 U.S.C. § 1983. Plaintiff John Doe alleges that officers of the Worcester Police Department violated the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution by breaking into his apartment on the night of July 19, 2006, accompanied by cameramen from the television show "Cops." According to plaintiff, he was asleep in his bed, naked, when the defendants entered his apartment without a warrant and confronted him in his bedroom. Exposed and embarrassed, he awoke to the bright lights of the cameras and the drawn firearms of the officers. After an interrogation, the defendants left the apartment. The entire event was captured on video.

Plaintiff's complaint alleges a federal claim under § 1983 and supplemental state law claims of intentional infliction of emotional distress, negligent infliction of emotional distress, invasion of privacy, trespass, and assault. Presently before the Court are two motions to dismiss

filed by defendant Langley Productions, Inc. For the reasons provided below, the motions will be denied.

Plaintiff initiated this action by filing a complaint in Massachusetts state court on July 17, 2009. (Doc. No. 1, Ex. A). Pursuant to the Massachusetts Rules of Civil Procedure, the state court set a deadline of October 15, 2009, for service of the complaint. *See* Mass. R. Civ. P. 4(j) (providing that a complaint must be served upon each defendant within 90 days of its filing). Plaintiff, however, did not serve Langley until October 16, 2009, one day late. (Doc. No. 14). Thereafter, on October 20, 2009, plaintiff filed a first amended complaint. (Doc. No. 1, Ex. B). On November 3, 2009, defendants removed the case to federal court. (Doc. No. 1).

The next day, Langley moved pursuant to Fed. R. Civ. P. 12(b)(5) to dismiss the original complaint for insufficient service of process, contending that plaintiff had failed to serve the complaint within the 90-day window provided by Mass. R. Civ. P. 4(j). (Doc. No. 8). Three days later, on November 6, 2009, plaintiff served *both* the original complaint and the first amended complaint on Langley. (Doc. No. 15). This was followed by Langley's second motion to dismiss, filed on November 18, 2009. (Doc. No. 21).

In this motion, Langley contends that the first amended complaint fails to state a claim upon which relief can be granted because it is barred by Massachusetts' three-year statute of limitations, the limitations period having expired on July 19, 2009. *See* Fed. R. Civ. P. 12(b)(6); *Nieves v. McSweeney*, 241 F.3d 46, 51 (1st Cir. 2001) (providing for a three-year statute of limitations in § 1983 cases arising in Massachusetts). Specifically, Langley argues that because the original complaint was not properly served, the first amended complaint cannot relate back under Fed. R. Civ. P. 15(c). As a result, even though the original complaint was filed within the applicable three-year limitations period, the first amended complaint was not, and must be

dismissed under Fed. R. Civ. P. 12(b)(6).

The Court is not persuaded. Before removal of a case from state to federal court, state rules of civil procedure govern; after removal, the federal rules apply. Fed. R. Civ. P. 81(c)(1) (providing that the federal rules "apply to a civil action after it is removed from a state court"). This case was removed to federal court on November 3, 2009. Until that date, the Massachusetts Rules of Civil Procedure applied. It is undisputed that before the case was removed, plaintiff did not serve the original complaint upon Langley within the 90-day window required by Mass. R. Civ. P. 4(j). At first blush, it would therefore appear that Langley's arguments are correct: because the original complaint was not properly served, the first amended complaint cannot relate back, and plaintiff's claims against Langley are barred by the applicable statute of limitations.

But that argument does not account for 28 U.S.C. § 1448, which provides:

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

The plain and unambiguous language of Section 1448 saves plaintiff's claims against Langley in this case. Under its terms, a plaintiff who fails to perfect service prior to removal (as was the case here) is entitled to complete such service after removal "in the same manner as in cases originally filed in [federal] district court." *Id.* In other words, insufficient service of process under state law *before* removal does not require dismissal if the plaintiff, *after* removal, properly serves the defendant under the Federal Rules of Civil Procedure. In this way, Section 1448 and Fed. R. Civ. P. 81(c) work together, and the crucial event in this case is the November 3 removal to federal court. After that date, the federal rules applied, and if the plaintiff served Langley in compliance with those rules, the case should not be dismissed.

3

Plaintiff did just that. On November 6, three days after the case was removed, plaintiff served Langley. (Doc. No. 15). That service included *both* the original complaint and the first amended complaint. (*See id.*). Under Fed. R. Civ. P. 4(m), a plaintiff must serve the defendant within 120 days of the filing of the complaint. That occurred here: the original complaint was filed on July 17 and served on November 6, less than 120 days later. Accordingly, the original complaint was served on Langley in compliance with Fed. R. Civ. P. 4(m), which, pursuant to 28 U.S.C. § 1448 and Fed. R. Civ. P. 81(c), came to govern this case after its removal from state court. Because the original complaint was properly served on Langley, the first amended complaint relates back under Fed. R. Civ. P. 15(c), and Langley's statute of limitations argument necessarily fails.

The principal case relied upon by Langley is not to the contrary. In *Osborne v. Sandoz Nutrition Corp.*, the First Circuit affirmed dismissal of a removed case that was not served upon the defendant in compliance with Mass. R. Civ. P. 4(m). 67 F.3d 289, 1995 WL 597215, at *1 (1st Cir. Oct. 6, 1995) (unpublished). There, Osborne filed the complaint in state court on August 30, 1994, and was required to serve Sandoz by November 28, 1994. *Id.* Osborne, however, did not serve the complaint until December 29, 1994, well after the 90-day deadline contained in Mass. R. Civ. P. 4(m). *Id.* Then, on January 13, 1995, Sandoz removed the case to federal court and moved to dismiss, a motion that was granted by the district court and affirmed by the First Circuit. *Id.* Like the plaintiff in this case, Osborne argued that 28 U.S.C. § 1448 mandated the application of the 120-day time period in Fed. R. Civ. P. 4(m). *Id.* at *2. The First Circuit rejected the argument, applying "the general rule that state law governs sufficiency of process prior to removal and should be applied by federal courts in determining whether there were procedural deficiencies prior to removal." *Id.* Because Sandoz had been served *only prior*

*to* removal, and because that service of process was insufficient under the applicable state rule, dismissal was required. *Id.*

*Osborne* provides no help to Langley in this case, because it was properly served *after* removal. Under the plain terms of 28 U.S.C. § 1448 and Fed. R. Civ. P. 81(c)(1), the federal rules came to govern this case once it was removed on November 3. Because Langley was served with the original complaint on November 6, after removal and within 120 days of its filing, the service of process was sufficient under federal law. *See* Fed. R. Civ. P. 4(m). And because the original complaint was properly served upon Langley, the first amended complaint relates back, and the three-year statute of limitations is not implicated.

For these reasons, the motions to dismiss of defendant Langley Productions, Inc., are DENIED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: May 24, 2010