## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **JON BRUST,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No.** |
| ) | **09-40191-FDS** |
| **CITY OF WORCESTER and** ) | |
| **SERGEANT THOMAS NEEDHAM** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM AND ORDER ON DEFENDANT'S MOTION IN LIMINE REQUESTING RULING OF LAW AS TO WHETHER SERGEANT THOMAS NEEDHAM IS ENTITLED TO QUALIFIED AND COMMON-LAW IMMUNITY

**SAYLOR, J.**

This is a civil rights action arising under 42 U.S.C. § 1983.  Plaintiff Jon Brust alleges

that officers of the Worcester Police Department violated his rights under the Fourth, Fifth, and

Fourteenth Amendments of the United States Constitution by breaking into his apartment on the

night of July 19, 2006, accompanied by cameramen from the Fox Broadcasting television show

"Cops."  Defendants contend that the police officers entered the residence in pursuit of a fleeing

suspect and deny that cameramen were brought into the residence.

The complaint alleges a claim under § 1983 and supplemental state law claims of

intentional infliction of emotional distress, negligent infliction of emotional distress, invasion of

privacy, trespass, and assault.  On February 24, 2012, the Court granted in part and denied in part

defendants' motion for partial summary judgment.[1]  The remaining defendants are the City of Worcester and Sergeant Thomas Needham of the Worcester Police Department.  The remaining claims are those bought under § 1983 and the supplemental state law claims of invasion of privacy, trespass, and assault.

Defendants have now moved for partial summary judgment as to the claims against Sergeant Needham on the grounds that he is entitled to qualified and common-law immunity.[2]  For the reasons stated below, the motion will be denied without prejudice to its renewal.

## I.   <u>Factual Background</u>

The facts, stated in the light most favorable to the plaintiff, are set forth in the Court's earlier memorandum and order on summary judgment.

## II.   <u>Procedural Background</u>

This action was filed in the Superior Court on July 17, 2009.  An amended complaint was filed on October 20, 2009, and the matter was removed to this Court shortly thereafter.  The complaint alleges a claim under 42 U.S.C. § 1983 for violations of plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments.  Plaintiff also brought related state-law claims for intentional infliction of emotional distress, negligent infliction of emotional distress, invasion of privacy, trespass, and assault.

The Court initially set a deadline of January 31, 2011, for the filing of the dispositive

---

[1]  The Court previously granted summary judgment as to the claims for intentional torts against the city and as to the claim for negligent infliction of emotional distress against the individual officers.

[2]  Defendants still concede that plaintiff has created a genuine issue of material fact as to whether a camera crew accompanied the police officers into his apartment in violation of his Fourth Amendment rights.  *See Wilson v. Layne*, 526 U.S. 603, 614 (1999) ("[I]t is a violation of the Fourth Amendment for police to bring members of the media or other third parties into a home during the execution of a warrant when the presence of the third parties in the home was not in aid of the execution of the warrant.").

motions; that deadline was eventually extended to March 28, 2011.  On March 28, defendants

Needham and the City of Worcester moved for partial summary judgment on a number of

grounds, which did not include qualified immunity.

On February 24, 2012, the Court granted in part and denied in part defendants' motion

for partial summary judgment.[3]  The Court then held a pretrial conference on May 11, 2012, and

set the matter for trial in October 2012.  At the pretrial conference, counsel for defendants

indicated an intention to file a further motion for summary judgment on grounds of qualified

immunity.  The Court set a deadline for the filing of such a motion of August 1, 2012, without

taking a position as to whether such a motion would be untimely.  On July 30, defendants

Needham and the City of Worcester moved for a ruling as to whether Needham is entitled to

qualified and common-law immunity with respect to the claims surviving summary judgment.[4]

The claims presently pending against Needham are as follows:  Count 1 (civil rights violation

under § 1983); Count 4 (invasion of privacy); Count 5 (trespass); and Count 6 (assault).

## III.   Timeliness

As the Court noted in its Memorandum and Order on Defendant's Motion for Partial

Summary Judgment, "defendants may raise a claim of qualified immunity at three distinct stages

of the litigation"—in a motion to dismiss at the pleading stage, at summary judgment, and as an

affirmative defense at trial.  *Guzman-Rivera v. Rivera-Cruz*, 98 F.3d 664, 667 (1st Cir. 1996).

However, "the defense of qualified immunity may be deemed to have been waived if it is not

---

[3]  The Court had previously granted summary judgment as to the claims for intentional torts against the city and as to the claim for negligent infliction of emotional distress against the individual officers.

[4]  Although defendants moved for the ruling on qualified immunity jointly, the only question presented was whether defendant Needham is entitled to qualified immunity.

raised in a diligent manner during the post-discovery, pre-trial phase." *Id.* at 668.  As a result, the Court concluded that because defendants did not raise the qualified immunity defense in their motion for summary judgment, they had waived the issue at this stage of the litigation.  Order at 10 n. 14.  Defendants now ask the Court to find that the issue has in fact not been waived, and to rule on a renewed motion arguing that Needham is entitled to qualified immunity.[5]

The First Circuit in *Guzman-Rivera* noted that permitting a defendant to file a late motion raising the defense of qualified immunity has the potential to cause unfair prejudice and costly delay.  *See Guzman-Rivera*, 98 F.3d at 667.  Presumably, this Court retains the discretion to permit a late filing where the interests of justice so require.  Here, however, defendants offer no reason—much less any compelling justification—as to why they did not raise the issue in their earlier motion, or why it would promote justice for the Court to take up the issue at this late stage.[6]  Under the circumstances, the Court will decline to address the immunity issue on the merits at this point in the proceedings.

As noted, the Court's ruling does not prevent defendant from raising the defense of qualified immunity at trial through a timely motion, the presentation of evidence, or otherwise. *See Guzman-Rivera*, 98 F.3d at 669 ("[b]ecause the defense of qualified immunity may be raised and appealed at multiple stages of the trial, it would be inappropriate to find waiver for all stages

---

[5] Defendants title their motion "Motion in Limine Requesting Ruling of Law as to Whether Sergeant Needham is Entitled to Qualified and Common Law Immunity."  The issue of qualified immunity should be raised in a summary judgment motion at the pretrial stage because it is a dispositive defense to litigation.  *See* Fed. R. Civ. P. 56.  For this reason the Court will treat the motion as if it were a renewed motion for summary judgment.

[6] Defendants address the issue of timeliness with two cursory sentences in which they rely on a quote from *Guzman-Rivera* — "'defendants may raise a claim of qualified immunity at three distinct stages of the litigation'" — that does not support their position.  (Defendant's Motion at 1-2 (quoting *Guzman-Rivera*, 98 F.3d at 667).  It is, of course, quite correct that defendants generally may raise the defense of qualified immunity during the summary judgment phase; however, defendants may also waive the defense at that stage by their inaction.  *See Guzman-Rivera*, 98 F.3d at 668.

in the current case.").  Although qualified immunity is generally viewed as the right to be free

from trial (a right that has effectively been waived here), it also encompasses the right to be free

from judgment.  *See Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989) ("the right not to

pay damages and the right to avoid trial are distinct aspects of immunity . . . .").  While it is no

doubt somewhat inefficient to proceed to trial on an issue that might have been disposed of on

summary judgment, the considerations raised in *Guzman-Rivera* clearly favor denial of the

present motion.

**IV.** **Conclusion**

For the foregoing reasons, defendants' motion is DENIED without prejudice to its

renewal at trial.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated:  September 27, 2012